**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARTHA LOPEZ-SEGARRA,

                Plaintiff,

    -against-                      COMPLAINT

CRITICAL RESOLUTION MEDIATION, LLC,
and BRIAN MCKENZIE, individually,

                Defendants.

## PLAINTIFF'S COMPLAINT

Plaintiff, MARTHA LOPEZ-SEGARRA ("Plaintiff"), through her attorney, Hormozdi Law Firm, LLC, alleges the following against Defendants, CRITICAL RESOLUTION MEDIATION, LLC ("Critical Resolution Mediation") and BRIAN MCKENZIE ("McKenzie"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §1692k FDCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

4. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Bronx, Bronx County, New York.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendants are debts collectors as that term is defined by the FDCPA.

9. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

10. Defendant, Critical Resolution Mediation, is a collection agency located in Norcross, Georgia.

11. Defendants are engaged in the collection of debt within the State of New York.

12. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

14. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

15. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

16. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal. 2009); See also, *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008).

17. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D. NY 1994); *Del Campo v. Kennedy*, 491 F. Supp 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D. PA 2004); *Brink v. First Credit Res.*, 57 F.Supp.2d 848 (D.AR 1999); *Pikes v. Riddle*, 38 F.Supp2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

**MARTHA LOPEZ-SEGARRA v. CRITICAL RESOLUTION MEDIATION**

18. Critical Resolution Mediation is attempting to collect an alleged consumer debt from Plaintiff originating with CitiBank.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. In or around September 2018, Critical Resolution Mediation began placing collection calls to Plaintiff on Plaintiff's telephone at xxx-xxx-5564, in an attempt to collect the alleged debt.

21. Critical Resolution Mediation calls Plaintiff from 678-890-5917, which is one of Critical Resolution Mediation's telephone numbers.

22. On at least three occasions since Critical Resolution Mediation began calling Plaintiff, Plaintiff has answered Critical Resolution Mediation's collection call and has spoken with Critical Resolution Mediation's collector.

23. On at least one occasion, Critical Resolution Mediation threatened to arrest Plaintiff for non-payment of the debt.

24. On at least one occasion, Critical Resolution Mediation threatened to press charges against Plaintiff for theft.

25. On at least one occasion, Critical Resolution Mediation threatened to stop all money deposits from Plaintiff's bank account.

## MARTHA LOPEZ-SEGARRA v. BRIAN MCKENZIE

26. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-25 herein, with the same force and effect as if the same were set forth at length herein.

27. At all relevant times, acting alone or in concert with others, McKenzie has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Critical Resolution Mediation, and its employees, including the acts and practices set forth in this Complaint.

**DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendants threatened to arrest Plaintiff, when Defendants threatened to press charges against Plaintiff and when Defendants threatened to stop deposits from Plaintiff's bank account:

        1) Defendants violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the arrest of any person, when Defendants threatened Plaintiff would be arrested for non-payment of the

4

alleged debt;

2) Defendants violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken, when Defendants threatened to arrest Plaintiff, when Defendants threatened to press charges against Plaintiff and when Defendants threatened to stop deposits from Plaintiff's bank account

3) Defendants violated § 1692e(7) of the FDCPA by falsely representing that a crime has been committed, when Defendants threatened to press charges against Plaintiff; and

4) Defendants violated § 1692e(10) of the FDCPA by using any false representative or deceptive means to collect or attempt to collect a debt, when Defendants threatened to arrest Plaintiff, when Defendants threatened to press charges against Plaintiff and when Defendants threatened to stop deposits from Plaintiff's bank account.

   b. Defendants violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendants engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, MARTHA LOPEZ-SEGARRAN respectfully requests judgment be entered against Defendants, CRITICAL RESOLUTION MEDIATION, LLC, and BRIAN MCKENZIE, individually, for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

31. Any other relief that this Honorable Court deems appropriate.

                          RESPECTFULLY SUBMITTED,

October 30, 2018          By: /s/ Shireen Hormozdi
                                    Shireen Hormozdi
                                    Hormozdi Law Firm, LLC
                                    1770 Indian Trail Lilburn Road, Suite 175
                                    Norcross, GA 30093
                                    Tel: 678-395-7795
                                    Fax: 866-929-2434
                                    shireen@agrusslawfirm.com
                                    shireen@norcrosslawfirm.com
                                    Attorney for Plaintiff